Filemon CONTRERAS–
RUBIO, Petitioner,

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–74539.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Greg D. Mack, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

MEMORANDUM **

Filemon Contreras–Rubio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Contreras–Rubio's sole contention is that the BIA abused its discretion in denying his motion to remand. *See Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir.1987) (requirements for motion to remand and motion to reopen are the same). Contreras–Rubio's challenge is unavailing because he failed to satisfactorily explain why the evidence he sought to present regarding his son's learning disability was not available at the time of his merits hearing. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"), *Rodriguez*, 841 F.2d at 867 (recognizing that petitioners must explain their failure to present evidence in the previous proceeding).

Contreras–Rubio has also failed to raise a colorable due process claim. *See Mar-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*tinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.